The issue submitted to the jury was answered as follows:

"In what sum, if any, is the defendant indebted to the plaintiff? Answer: $1,107.88."

From judgment on the verdict defendant appealed to the Supreme Court.

*R. L. Phillips for plaintiff.*
*Moody & Moody for defendant.*

PER CURIAM. There was evidence at the trial of this action tending to show that the defendant, G. H. Cope, purchased the lumber shipped by plaintiff to the G. H. Cope Lumber and Dimension Company, on his personal credit, and not on the credit of the corporation. This evidence, together with the evidence offered by the defendant tending to show the contrary, was submitted to the jury, under a charge which was free from error. As neither of defendant's assignments of error on his appeal to this Court can be sustained, the judgment must be affirmed.

No error.

---

CITY OF ELIZABETH CITY v. A. L. AYDLETT.

(Filed 19 December, 1930.)

APPEAL by plaintiff from *Cranmer, J.,* 23 April, 1930, at Columbia. From PASQUOTANK.

Civil action to restrain the defendant from interfering with the streets, sidewalks, shade trees, lamp posts, etc., around and near the site of defendant's gasoline filling or gasoline storage station, which he is seeking to erect in the corporate limits of Elizabeth City.

From a judgment sustaining the temporary restraining order as to a shade tree and a lamp post, but otherwise dissolving it, the plaintiff appeals.

*J. B. Leigh and Thompson & Wilson for plaintiff.*
*M. B. Simpson and McMullan & LeRoy for defendant.*

PER CURIAM. The disposition of this appeal is controlled by the decision in another case between the same parties involving the same filling station, *ante,* 58.

Error.